IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-75,897-03






EX PARTE JASON CHARLES JAMES, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 7099-3 IN THE 21ST DISTRICT COURT


FROM LEE COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure,
the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. 
Ex parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of
tampering with physical evidence. He was sentenced to twenty-five years' imprisonment. The
Third Court of Appeals affirmed the conviction in an unpublished opinion. James v. State,
No. 03-10-00623-CR (Tex. App. - Austin del. Mar. 17, 2011). 


 In two grounds, Applicant contends his trial counsel rendered ineffective assistance.
He primarily complains trial counsel failed to convey a plea offer to him, and he states he has
documentary evidence supporting the allegation. This evidence, however, is not in the writ
record supplied to this Court, and there is no response from trial counsel regarding the claims
of ineffective assistance of counsel.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v.
Washington, 466 U.S. 668 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App.
2000). In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez,
334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for
findings of fact. 

 Applicant may supplement the writ record with the documentary evidence he states
he possesses, and if he does so, the trial court shall include the evidence in the writ record
supplied to this Court. The trial court shall also obtain an affidavit from Applicant's trial
counsel responding to the claims of ineffective assistance of counsel, particularly the claim
counsel failed to convey a plea offer. In addition to obtaining this affidavit, the trial court
may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d) to resolve disputed
issues of fact. In the appropriate case, the trial court may rely on its personal recollection. 
Id. If the trial court elects to hold a hearing, it shall determine whether applicant is indigent.
If applicant is indigent and wishes to be represented by counsel, the trial court shall appoint
an attorney to represent applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of
Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance
prejudiced Applicant. The trial court shall also make any other findings of fact that it deems
relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact
issues. The issues shall be resolved within 90 days of this order. If any continuances are
granted, a copy of the order granting the continuance shall be sent to this Court. A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact, shall be returned to this Court within 120 days of the date of
this order. Any extensions of time shall be obtained from this Court. 




Filed: March 7, 2012

Do not publish